UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LYNN GORMLEY,

                Plaintiff,

-against-

TARGET BRANDS, INC. and TARGET
CORPORATION,

                Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-cv-7214 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

    This matter is before the Court on referral from the Honorable Joan M. Azrack to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends that this action be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**I.    BACKGROUND**

    By way of Complaint dated August 30, 2019, *pro se* Plaintiff Lynn Gormley ("Plaintiff" or "Gormley"), then represented by counsel, commenced this action against Target Brands, Inc. and Target Corporation (together, "Defendants") in the New York Supreme Court, Queens County, alleging physical injury and mental anguish as a direct result of Defendants' negligence. *See* Docket Entry ("DE") [1-1].

    Defendants removed the matter to this Court on December 24, 2019, *see* DE [1], and the parties appeared before Judge Azrack for an initial conference on June 3, 2020. *See* DE [14]. At that conference, Judge Azrack referred the matter to this

1

Court to oversee and manage discovery, and directed the parties to file an amended scheduling order with this Court for approval. *Id.* The parties appeared for telephone status conferences on September 22 and December 1, 2020, and February 23 and April 15, 2021. *See* DEs [18], [19], [20], [25].

On June 28, 2021, Gormley's attorney, Matthew R. Kreinces, Esq., sought to withdraw as Plaintiff's counsel, *see* DE [26]. The Court scheduled an in-person hearing on the motion to withdraw for August 4, 2021, and directed Gormley to appear at the hearing. *See* DE [27]. Plaintiff neither appeared at the August 4 hearing, nor opposed her attorney's motion to withdraw. *See* DE [30]. Accordingly, this Court granted the motion to withdraw without opposition, stayed the case until October 7, 2021 so that Gormley could obtain new counsel, and directed Plaintiff that either she, or her new attorney, must appear at the October 7 conference. *Id.* A copy of the Minute Order from this conference was mailed to the address that Plaintiff had provided. *See* DE [31].

Gormley, however, failed to obtain replacement counsel or appear at the October 7, 2021 status conference. *See* DE [32]. Accordingly, the Court adjourned the status conference to October 28, 2021, and issued its first warning that "repeated failures to appear will result in a recommendation to the District Judge to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41." *Id.* A copy of the Minute Order from this conference was mailed to the address that Plaintiff had provided. *See* DE [33].

Nonetheless, Plaintiff again failed to appear for the October 28, 2021 status conference. *See* DE [34]. The Court adjourned the status conference to November 30, 2021, and explicitly warned Gormley that another failure to appear would "result in a Report and Recommendation to [Judge Azrack] that this case be dismissed for failure to prosecute." *Id.* A copy of the Minute Order from this conference was mailed to the address that Plaintiff had provided. *See* DE [35]. Plaintiff, however, failed for a third consecutive time to appear for a status conference held on November 30, 2021. *See* DE [36].

## II.  LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); s*ee LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and*

3

*recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter…robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

## III.   DISCUSSION

Applying the standards described above, the Court respectfully recommends dismissal of this matter pursuant to Rule 41(b) for Plaintiff's failure to prosecute. As detailed above, Plaintiff has failed to appear for conferences on four occasions throughout the duration of the case—including the past three scheduled status conferences—despite repeated warnings by this Court that her continued failure to appear would result in the dismissal of her case. Under these circumstances, it appears that Gormley is not pursuing this action further, and there is no less dramatic sanction that is appropriate. Accordingly, in consideration of the above factors, the Court respectfully recommends that this case be dismissed pursuant to Rule 41(b).

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's claims be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy on Plaintiff within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       December 7, 2021

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

5